UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| 1 SOUTH MAIN TOWER, LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:21-cv-60 |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff 1 SOUTH MAIN TOWER, LLC ("South Main") ("Plaintiff") files this Original Complaint & Jury Demand against Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester" or "Defendant") and would respectfully show the following:

### Parties

1.     1 SOUTH MAIN TOWER, LLC is a limited liability company formed under the laws of Texas whose sole constituent member, Ariel "Eric" Jacobov, is a citizen of the state of New York.

2.     Upon information and belief, Westchester is a foreign corporation engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Upon information and belief, Westchester is headquartered in Georgia, and maintains its principal place of business in Pennsylvania. Westchester may be served with process through its registered agent, **Mr. Paul Bech, Esq., Associate General Counsel, Chubb, 436 Walnut Street, Philadelphia, PA 19106-3703.**

### Venue & Jurisdiction

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is

complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. It has personal jurisdiction because Westchester's conduct and activities in Texas give rise to this case and each of Plaintiff's claims.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this judicial district. Investigation, including key claim communications to Plaintiff and from Defendant's assigned adjusters (including claim rejections, telephone calls, and other communications to Plaintiff) occurred within this district, and properties that are the subject of this action are situated within this District.

**Factual Background**

*The Property*

5.     South Main owns and operates the commercial property located at 1 South Main Avenue, Laredo, TX 78040 in Webb County, Texas (the "Property"). The Property is a 17-Story circular-shaped, reinforced concrete and steel-framed structure.

*The Policy*

6.     Prior to May 26, 2020, South Main paid annual premiums, assessments, fees, surcharges, and taxes to Westchester to acquire comprehensive commercial insurance coverage for the Property and the business under Westchester Policy No. FSF15293317 001 (the "Policy"). The Policy provides coverage for South Main's business and the Property, for covered damages that occur during the Policy Period, from January 31, 2020 through January 31, 2021. In exchange for South Main's premium payment, the Policy includes the following limits and coverages, in relevant part:

| Coverages and Limits Provided | | | | | |
|---|---|---|---|---|---|
| Insurance at Described Location Applies Only for Coverage for Which a Limit of Insurance is shown | | | | | |
| Loc. No. | Bld. No. | Coverage | Rate | Limit of Insurance $ | Premium |
| 1 | 1 | Building | 0.57 | $4,000,000 | $23,156 |
| 1 | 1 | Loss Payable Provisions | | N/A | 0 |

7.    As evidenced by the Declarations Page, the Policy provides coverage to the Property's physical structure on a replacement cost value basis for damages up to $4,000,000. *See* Ex. A, Policy, at Declarations Pages.

8.    The Policy also contains a Deductible provision that confirms coverage for damages to the Property that result from windstorms:

| Deductible | | | | |
|---|---|---|---|---|
| $10,000 | ☐ | See Multiple Deductible Form | X | See Windstorm Or Hail Deductible Form |

| Minimum Dollar Deductible $10000 | | Per Occurrence (applicable with a Percentage Deductible) | | |
|---|---|---|---|---|
| Location # | Building # | Percentage or Dollar Deductible | Applicable to "Named Storm" Only | Applicable to "Hawaii Hurricane" Only |
| 1 | 1 | 1% | ☐ Yes  ☒ No | ☐ Yes  ☒ No |

***South Main makes an insurance claim for storm related damage***

9.    As a result of a wind and hailstorm struck our client's property on May 26, 2020, the Property was substantially damaged. Sizeable portions of the Property's roof were compromised by wind and rain.

10.    The Property—specifically the roof and HVAC—were substantially damaged. Yet as devastating as the physical damage was, South Main felt fortunate to be protected by $4 million in insurance coverage it had procured to insure the Property from precisely this type of damage.  South Main promptly filed a claim with Westchester, alerting them to the extensive damages. This sense of security, borne of a pricey contractual relationship, would prove illusory as Westchester began their investigation and handling of the claim.

3

***South Main works hard to document its damages for Westchester but received a denial.***

14.     Westchester's claims-handling process resulted in a wrongful denial that omitted a wealth of facts, physical evidence, obvious wind damages, and meteorological data from Tropical Storm Imelda supporting South Main's claim. Westchester unreasonably pinned the loss on anything but the wind, an action designed to save Westchester hundreds of thousands of dollars in damages to the Property and the business.

15.     Westchester assigned an internal adjuster, Lance Grigar, to handle the claim. Mr. Grigar was unqualified and incapable of adequately assessing the damages to the Property. Mr. Grigar and Rimkus Consulting Group, Inc.'s ("Rimkus") engineer, Mark O'Connell, both inspected the property. Westchester's representatives blamed the damages on anything except the severe wind and hail; his report noted wear and tear and pre-existing breaches. Westchester has ignored the scores of facts, witnesses and meteorological data supporting the covered claim and instead unreasonably pinned the loss on anything but the wind.

16.     To this day, due to Westchester's outcome-oriented, inadequate, and haphazard investigation, Westchester has refused to pay for the covered damages under the Policy.

***South Main sends a demand letter in compliance with Texas law***

17.     On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly,

Section 542A should assist business consumers like South Main to avoid protracted litigation over a clear claim.

18.    In compliance with Section 542A.003, South Main gave its pre-suit notice to Westchester on March 10, 2021. The pre-suit notice provided a comprehensive outline of South Main's claims and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

19.    Westchester responded to the demand on May 10, 2021 but refused to acknowledge its own wrongdoing.

### Count 1 – Violations of Texas Insurance Code, Section 541

20.    South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

21.    Westchester failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

22.    Westchester failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

23.    Westchester failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

24.    Westchester refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

25.    Westchester misrepresented the insurance policy under which it affords property coverage to South Main, by making an untrue statement of material fact, in violation of Texas

Insurance Code Section 541.061 (1). Westchester misrepresented the insurance policy to South Main, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

26.    Westchester misrepresented the insurance policy under which it affords property coverage to South Main by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Defendant misrepresented the insurance policy to South Main by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

27.    Westchester misrepresented the insurance policy under which it affords property coverage to South Main by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to South Main by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

28.    Westchester knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## Count 2 – Violations of the Texas Insurance Code, Section 542

29.    South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

30.     Westchester failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

31.     Westchester failed to timely commence investigation of the claim or to request from South Main any additional items, statements or forms that Westchester reasonably believed to be required from South Main in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

32.     Westchester failed to notify South Main in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Texas Insurance Code Section 542.056(a).

33.     Westchester delayed payment of South Main's claim in violation of Texas Insurance Code Section 542.058(a).

34.     Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of South Main' damages.

## Count 3 – Statutory Interest

35.     South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

36.     South Main makes a claim for statutory interest penalties along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

## Count 4 – Breach of Contract

37.     South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

38.     As outlined above, Westchester breached its contract with South Main by refusing to pay for covered damages under the Policy. As a result of Westchester breach, South Main

suffered legal damages.

## Count 5 – Breach of duty of good faith & fair dealing

39.     South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

40.     Westchester, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with South Main in the processing of the claim.  Westchester breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Westchester knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Westchester breach of these legal duties, South Main suffered legal damages.

## Count 6  – Punitive Damages for Bad Faith

41.     South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

42.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying South Main's claim for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of South Main.

## Count 7 – Violations of Texas Deceptive Trade Practices Act

43.     South Main re-alleges and incorporates each allegation contained in the previous paragraphs of this Petition as if fully set forth herein.

44.     The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant

has also acted unconscionably, as that term is defined under the DTPA.

45.     Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of South Main's damages.

## Resulting Legal Damages

46.     South Main is entitled to the actual damages resulting from the Defendant's violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law.  In addition, South Main is entitled to exemplary damages.

47.     As a result of Defendant's acts and/or omissions, South Main has sustained damages in excess of the minimum jurisdictional limits of this Court.

48.     South Main is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

49.     Defendant's knowing violations of the Texas Insurance Code and DTPA entitle South Main to the attorneys' fees, treble damages, and other penalties provided by law.

50.     South Main is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

51.     As a result of Defendant's acts and/or omissions, South Main has sustained damages in excess of the jurisdictional limits of this Court.

52.     South Main is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

53.     South Main is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, Texas Insurance Code 542.060(a)-(c), and Tex. Bus & Commerce

Code §17.50.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

*/s/ Jeffrey L. Raizner*
JEFFREY L. RAIZNER
Attorney-in-Charge
State Bar No. 00784806
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
jraizner@raiznerlaw.com

*Of Counsel*:

ANDREW P. SLANIA
State Bar No. 24056338
BEN WICKERT
State Bar No. 24066290
KATY PENICK
State Bar No. 24116890
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

/s/ *Jeffrey L. Raizner*
JEFFREY L. RAIZNER